UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HERMAN ROBINSON,

                Petitioner,

v.                                                       9:19-CV-0777
                                                        (GTS)

EARL BELL, Superintendent,

                Respondent.

---

APPEARANCES:                                         OF COUNSEL:

HERMAN ROBINSON
Petitioner pro se
15-A-2163
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929

HON. LETITIA JAMES                            DENNIS A. RAMBAUD
Attorney for Respondent                         Assistant Attorney General
Office of the Attorney General
28 Liberty Street
New York, New York 10005

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

Petitioner Herman Robinson sought federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."); Dkt. No. 4, IFP Application. Respondent filed an opposition to the petition. Dkt. No. 18, Response; Dkt. No. 19, Memorandum of Law in Opposition; Dkt. No. 20, State Court Records; Dkt. No. 21, State Court Transcripts. Petitioner was then provided with the opportunity to file a reply to respondent's opposition to his petition. Dkt. No. 22, Text Order dated 02/19/20.

Instead, petitioner filed a letter motion with the Court requesting "some time to properly file a motion to stay [his] petition so that [he] may exhaust the claims the respondent deemed unexhausted." Dkt. No. 23. Additionally, because petitioner lacks any formal legal education or training, petitioner sought "any information [the Court] c[ould] provide as to the format for drawing up a motion to stay[.]" *Id.*

Petitioner is advised that the Court and Clerk's Office do not provide legal assistance or advice. Accordingly, to the extent that Petitioner seeks such assistance or advice, his request is denied. However, the Clerk of the Court can provide Petitioner with pertinent procedural information. Further, the Court can outline the requirements for a motion to stay.

Any motion to stay must be filed in compliance with the Local Rules of Practice. *See* N.D.N.Y.L.R. 7.1 (outlining requirements for motion practice). When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Id.* at 277.

**WHEREFORE**, it is

**ORDERED** that to the extent petitioner seeks legal assistance or advice, Dkt. No. 23, that request is **DENIED**; and it is further

**ORDERED** that the Clerk respectfully provide petitioner with a copy of this District's

Pro Se Manual and Local Rules; and it is further

**ORDERED** that petitioner has thirty (30) days to either file a motion to stay, in compliance with the Local Rules, or file a reply to respondent's answer in opposition to the pending petition. If petitioner chooses not to file either a motion to stay or a reply, then upon the expiration of the thirty (30) days, the Clerk shall forward the file to the Court for further review; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Local Rules.

Date: March 24, 2020
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge