UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HERMAN ROBINSON,

Petitioner,

v.

9:19-CV-0777 (GTS)

EARL BELL, Superintendent,

Respondent.

---

APPEARANCES: OF COUNSEL:

HERMAN ROBINSON
Petitioner pro se
15-A-2163
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929

HON. LETITIA JAMES
Attorney for Respondent
Office of the Attorney General
28 Liberty Street
New York, New York 10005

DENNIS A. RAMBAUD
Assistant Attorney General

GLENN T. SUDDABY
Chief United States District Judge

**DECISION and ORDER**

## I. BACKGROUND

Petitioner Herman Robinson sought federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."); Dkt. No. 4, IFP Application. Respondent filed an opposition to the petition. Dkt. No. 18, Response; Dkt. No. 19, Memorandum of Law in Opposition; Dkt. No. 20, State Court Records; Dkt. No. 21, State Court Transcripts. Petitioner was then provided with the opportunity to file a reply to respondent's opposition to

his petition. Dkt. No. 22, Text Order dated 02/19/20.

Instead, petitioner filed a letter motion with the Court requesting "some time to properly file a motion to stay [his] petition so that [he] may exhaust the claims the respondent deemed unexhausted." Dkt. No. 23. The Court provided petitioner with an additional thirty (30) days to either file a proper motion to stay or file a reply to respondent's answer in opposition to the pending petition. Dkt. No. 24, Decision and Order dated 03/24/30 ("March Order").

## II. DISCUSSION

Petitioner filed the presently pending motion to stay. Dkt. No. 27. Petitioner seeks the opportunity to stay this action and exhaust his Fourth Amendment and prosecutorial misconduct claims arguing that evidence was improperly seized and false testimony was given by a state witness. *Id.* at 1. Petitioner contends that good cause supports his pending motion because he "was unaware that [filing a coram nobis petition] . . . did not satisfy the exhaustion requirement." *Id.* at 3. Further, petitioner states that he has proven his claims are meritorious. *Id.* at 3-4.

Respondent opposes petitioner's motion to stay. Dkt. No. 28. Respondent first states that granting the motion would be futile because petitioner's Fourth Amendment claims were already exhausted and his prosecutorial misconduct claims are procedurally defaulted. *Id.* at 1-2. Further, petitioner's motion should be denied because his claims of legal ignorance are insufficient to establish good cause. *Id.* at 2.

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction

over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Id.* at 277. While there is no exact definition of what constitutes good cause,

> [d]istrict courts in this Circuit have primarily followed two different approaches. . . . Some courts find "that a petitioner's showing of 'reasonable confusion' constitute[s] good cause for failure to exhaust his claims before filing in federal court." . . . Other courts require a more demanding showing – that some external factor give rise to the petitioner's failure to exhaust the claims.

*Knight v. Colvin*, No. 1:17-CV-2278, 2019 WL 569032, at *4 (E.D.N.Y. Feb. 11, 2019) (internal citations omitted).

**A. Futility**

Petitioner's motion to stay the present proceedings to return to state court and exhaust his Fourth Amendment claim is denied because the claim was already exhausted.

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.*

Here, petitioner seeks federal habeas relief claiming that the police violated his Fourth Amendment rights by improperly searching a notebook when they arrived at his residence for a wellness check for a suspected suicide attempt. Dkt. No. 10 at 14-22; *see also People v. Robinson*, 156 A.D.3d 1123, 1123 (3rd Dep't 2017) (explaining that while responding to a call

for a possible suicide attempt "police discovered a notebook with an apparent handwritten suicide note . . . wherein [petitioner] indicating that he had been raping and sexually abusing the victim for six years, that he had impregnated her and subsequently killed the baby," prior to finding petitioner unresponsive in his car). The New York State Appellate Division, Third Department specifically addressed petitioner's arguments "that [the trial court] erred in not suppressing his suicide note inasmuch as it was obtained in violation of his constitutional right against unlawful searches and seizures." *Robinson*, 156 A.D.3d at 1128. The Third Department held that petitioner's claims were meritless because petitioner's girlfriend initially consented to the police's entry into, and search of, their residence. *Id.* at 1128-30. Petitioner then presented the issue to the New York State Court of Appeals during his direct appeal. Dkt. No. 20-4 at 100-101 (citing to excerpt from counseled application for leave to appeal dealing with Fourth Amendment issue). The Court of Appeals denied leave to appeal. *People v. Robinson*, 30 N.Y.3d 1119 (2018).

Accordingly, because this claim was already presented to the state courts and they were given one full opportunity to resolve the claim, it has successfully been exhausted. *O'Sullivan*, 526 U.S. at 845. Therefore, petitioner need not return to state court with respect to this claim.

**B. Good Cause**

Assuming petitioner has presented a "mixed" petition to the Court, petitioner's motion still fails. Regardless of the approach this Court adopts, petitioner has not alleged any facts that would support a finding of good cause for failing to present all of his claims to the appropriate state courts prior to filing this petition. *Rhines*, 544 U.S. at 277.

First, petitioner was well aware of the factual basis underlying his present claims. By

his own admission, petitioner already advanced these same claims, in sum or substance, in correspondence with his appellate attorney in the spring of 2016 (Dkt. No. 27 at 8-9) and in his writ for error coram nobis (Dkt. No. 20-4 at 129-36; Dkt. No. 27 at 3). Petitioner has not, and cannot, show why the factual bases underlying all of these claims were not known to petitioner at the conclusion of his trial and direct appeal; therefore, they are insufficient to support petitioner's present motion. *See Holguin v. Lee*, No. 1:13-CV-1492, 2013 WL 3344070, at *2 (S.D.N.Y. July 3, 2013) (denying stay where petitioner was aware of the underlying facts at the trial's conclusion).

Second, petitioner's contentions that he was ignorant about the state court legal system are insufficient to support a stay. Petitioner contends that he "was unaware that [filing a writ of error coram nobis] . . . did not satisfy the exhaustion requirement." Dkt. No. 27 at 3. However, a petitioner's pro se status and inexperience with the law have consistently been deemed insufficient factors to establish good cause. *Craft v. Kirkpatrick,* No. 6:10-CV-6049, 2011 WL 2622402 at *10 (W.D.N.Y. Jul. 5, 2011) ("The Court has found no cases supporting the proposition that a petitioner's ignorance of the law constitutes 'good cause' for the failure to exhaust."); *Fink v. Bennett*, 514 F. Supp. 2d 383, 389 (N.D.N.Y. 2007) (denying motion to stay where inmate "did not know he could appeal [an] order" because "the mere failure of a petitioner to be aware of a particular area of the law," is insufficient to satisfy the good cause standard); *Stephanski v. Superintendent, Upstate Corr. Fac*., 433 F. Supp. 2d 273, 279 (W.D.N.Y. 2006) ("[A] petitioner's allegation that he is *pro se* and inexpert in the law does not provide sufficient 'cause' to excuse the failure to [properly exhaust .]").

Third, petitioner has not shown any objective factor that was responsible for his failure to previously exhaust. "District courts cannot grant petitioner a stay of his habeas petition for

the sole reason that petitioner failed to bring his claim earlier." *Knight*, 2019 WL 569032, at *5 (internal quotation marks and citations omitted).

Finally, federal courts should not "be turned into a jurisdictional parking lot for unexhausted claims." *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (internal quotation marks omitted); *see also Rodriguez v. Griffin*, No. 9:16-CV-1037 (DNH), 2017 WL 1283766, at *2 (N.D.N.Y. Apr. 5, 2017).

Because petitioner failed to demonstrate good cause, the Court need not consider whether petitioner's claims are plainly meritless. Accordingly, based on the foregoing, petitioner's motion to stay is denied.

## III. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion to stay this action, Dkt. No. 27, is **DENIED**; and it is further

**ORDERED** that petitioner may, but is not required to, file a reply within thirty (30) days of the filing date of respondent's answer. If petitioner chooses to file a reply, it must not exceed fifteen (15) pages in length, excluding exhibits, and the arguments contained in the reply shall be limited to addressing the arguments raised by respondent in his answer and memorandum of law in opposition to the petition. The Court will not consider any new grounds for relief or other legal theories asserted by petitioner in his reply that were not previously asserted by him in his petition. If petitioner fails to file a reply or a request for extension of time within thirty (30) days of the filing date of respondent's papers, he may forfeit his opportunity to file a reply; and it is further

**ORDERED** that upon the filing of the reply, if any, or after the deadline to file a reply

expires, the Clerk shall forward the file to the Court for further review; and it is further

**ORDERED** that the Clerk also serve a copy of this Decision and Order upon the petitioner in accordance with the Local Rules.

Dated: July 20, 2020

Hon. Glenn T. Suddaby
Chief U.S. District Judge